UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 3:11CR00246 |
| | ) | Judge Trauger |
| **JEFFREY DWAYNE WALLACE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of Defendant's guilty plea on Count One of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 2253, Defendant Jeffrey Dwayne Wallace shall forfeit to the United States his interest in the following:

   (1) any visual depiction described in Title 18, United States Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the law;

   (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the above listed offense(s); and

   (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

including but not limited to the following items: a Compaq desktop computer, serial number 4CE9470YZK; a Seagate Barracuda external hard drive 7200.12, serial number 9VM6BGC6; eMachines desktop, serial number CCV72E0000654; Hitachi external hard drive HDT722525DLA380, serial number T8DG3H9H; eMachines T6420 desktop, serial number GCD5B20023191; and Seagate Barracuda hard drive 7200.7, serial number 41J2RXHX seized

from 3417 Meadowlake Terrace, Nashville, Tennessee 37217 on September 14, 2010 (hereinafter referred to collectively as 'Subject Property").

2. Further, the Defendant Jeffrey Dwayne Wallace, based on the Plea Agreement entered herein between the parties, forfeits his interests in a Bryco Arms, Model Nine MM Jennings Semi-Automatic Weapon known to bear the serial number of 1397637 (hereinafter referred to as "9 MM Jennings") by consent.

3. The Court has determined, based on the Plea Agreement entered herein between the United States and Defendant Jeffrey Dwayne Wallace and the factual basis agreed to therein at paragraph 9 and related paragraph 17 and 18, that the Subject Property and the 9 MM Jennings is subject to forfeiture pursuant to 18 U.S.C. § 2253 and that the Government has established the requisite nexus between such property and such offense.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and the 9 MM Jennings and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Upon entry of this Order, the Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5. Upon the issuance of the Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property and the 9 MM Jennings, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct. The United States shall also, to the extent

practicable, provide written notice to any person known to have alleged an interest in the Subject Property and the 9 MM Jennings.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property and the 9 MM Jennings shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property and the 9 MM Jennings, and for an amendment of the order of forfeiture.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property and 9 MM Jennings shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property and 9 MM Jennings, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property and the 9 MM Jennings, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property and the 9 MM Jennings following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 18 U.S.C. § 2253(b) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. Either upon entry of a Final Order of Forfeiture or prior to the disposal the Subject Property or upon a determination by the agency that electronic media, including but not limited to, computers, phones, tablets, etc., are no longer necessary for trial and/or appeal in this matter the Subject Property shall be wiped clean of all information.

12. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this 11th day of March, 2013.

_____
ALETA A. TRAUGER
United States District Judge